IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| WENDY J. GUTIERREZ ALANIZ, <br> PLAINTIFF | § <br> § <br> § |
| VS. | §    CIVIL ACTION NO. _____ <br> § |
| PURE TRANSPORTATION, LLC, <br> ZORI TRUCKING, LLC, AND <br> TONEE SHAMOON-DAWOOD <br>     DEFENDANTS. | § <br> § <br> § <br> § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Wendy J. Gutierrez Alaniz ("Plaintiff") complaining of and about Defendants PURE TRANSPORTATION, LLC, ZORI TRUCKING, LLC and Tonee Shamoon-Dawood, and respectfully state the following:

### 1. PARTIES AND SERVICE

1.1    Plaintiff Wendy J. Gutierrez Alaniz is a natural person and at all times relevant to this cause of action has been and continues to be domiciled at 312 E. Garza St. in Del Rio, Texas 78840. The Plaintiff is a citizen of Texas.

1.2    Defendant PURE TRANSPORTATION, LLC ("Defendant Pure Transportation, LLC") is a foreign for-profit corporation/company involved in the business of interstate trucking. It is a company incorporated in the State of Michigan and maintains its principal place of business in Michigan. This corporation may be served with process by serving its registered agent Fikry Gejou at 1163 Souter Blvd., Troy, Michigan, 48083, or wherever else he may be found.

1.3     Defendant ZORI TRUCKING, LLC ("Defendant Zori Trucking, LLC") is a foreign for-profit corporation/company involved in the business of interstate trucking. It is a company incorporated in the State of Michigan and maintains its principal place of business in Michigan. This corporation may be served with process by serving its registered agent Lever Sabri at 23148 Piper Ave. East Pointe, Michigan 48021, or wherever else he may be found.

1.4     Defendant Tonee Shamoon-Dawood ("Defendant Dawood") is a natural person domiciled in Sterling Heights, Michigan and therefore a resident and citizen of the state of Florida. Because this litigation arises out of a motor vehicle collision in which a non-resident or agent of a non-resident was involved, service upon this Defendant may be made pursuant to Tex. Civ. Prac. & Rem. Code. Ann §§ *et seq.* by service upon:

Chairman of the Texas Transportation Commission
Mr. J. Bruce Bugg, Jr.,
125 E. 11th Street, Austin Texas 78701

who can forward process to Defendant to:

Tonee Shamoon-Dawood
8303 Constitutional Blvd 202
Sterling Heights, Michigan 48313

## 2. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(l) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2     Venue is proper in this matter pursuant to Title 28 U.S.C. § 1391(b) because the cause of action arose within the Southern District of Texas, Laredo Division.

2.3     Venue is proper in this district under 28 U.S.C. § 1402(b) because the acts and omissions complained of occurred in this district.

## 3. FACTUAL BACKGROUND

### The Collision

3.1     This case arises from a motor vehicle collision that occurred near the T-intersection at Riverbank Drive and Logistic Drive. In front of Logistic Drive, the agency PALOS GARZA operates a warehouse on Riverbank Drive.  At all times relevant, it is believed that Defendant Dawood was operating under the authority of Defendant Pure Transportation, LLC.

3.2     At all times relevant, it believed that Defendant Zori Trucking, LLC owned the tractor truck involved in the collision that makes the basis of the subject lawsuit.

3.3     On September 25, 2021, Defendant Dawood was operating the tractor trailer within the scope and course of his employment with Defendant Pure Transportation, LLC traveling northwest on Riverbank Drive toward Logistic Drive. The Plaintiff was in her 2017 Hyundai Elantra traveling northwest on the cross-street Riverbank Drive toward Logistic Drive behind Defendant Dawood.

3.4     Defendant Dawood suddenly stopped the tractor inside the intersection of Riverbank Drive and Logistic Drive. The Plaintiff stopped her vehicle smoothly behind the tractor-trailer. At once and without any warning, Defendant Dawood began backing up the tractor-trailer. The Plaintiff was unable to maneuver out of the way and Defendant Dawood crashed the back end of the trailer into the front end of the Plaintiff's vehicle. Defendant Dawood then proceeded to turn left maneuvering the tractor-trailer into the dock of PALOS GARZA to continue his business.

### The Injuries

3.6     As a direct and proximate result of the collision, Plaintiff has suffered physical and emotional injuries and damages in varying degrees. As a result of physical and emotional injuries, the Plaintiff has incurred reasonable and necessary medical expenses and, in all probability, will

continue to incur reasonable medical expenses well into the future. The Plaintiff has undergone extensive physical therapy, pain injections and medication. Additionally, the Plaintiff's physicians have suggested that she is a candidate for at least two different surgical procedures. The Plaintiff will likely continue to incur medical expenses in the future.

<u>The Employment Relationship Between the Defendants & The Resulting Vicarious Liability</u>

3.7 At the time of the collision, Defendant Dawood was an agent or employee of Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC, and Defendant Dawood was acting within the course, scope, and in furtherance of his employment. Pleading further, and in the alternative, Defendant Dawood was a statutory employee under the Statutory Employee Doctrine. In this regard, an interstate motor carrier such as Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997). As a result, Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC had exclusive control of the vehicle operated by Defendant Dawood, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000). Thus, Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC is vicariously liable, jointly and severally, as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligent acts and/or omissions committed by Defendant Dawood.

3.7 Alternatively, Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC is vicariously liable with respect to all negligent acts and/or omissions by Defendant Dawood under traditional common law doctrines of the master-servant relationship and *respondeat superior.*

## 4. NEGLIGENCE CAUSE OF ACTION AGAINST TONEE SHAMOON-DAWOOD

4.1     Defendant Dawood had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

4.2     Plaintiff's injuries were proximately caused by Defendant Dawood's negligent, careless and reckless disregard of said duty.

4.3     The negligent, careless and reckless disregard of duty by Defendant Dawood consisted of, but is not limited to, the following acts and omissions:

- 4.3.1   failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
- 4.3.2   backing without safety;
- 4.3.3   failing to keep a proper lookout to avoid colliding with the Plaintiff's vehicle, as done by a person of ordinary prudence under the same or similar circumstances;
- 4.3.4   failing to apply the brakes to his motor vehicle in a timely and prudent manner;
- 4.3.5   placing Plaintiff in a position of peril due to Defendant Dawood's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity§ 545.401 of the Texas Transportation Code;
- 4.3.6   failing to take evasive action to avoid colliding with Plaintiff's vehicle;
- 4.3.7   failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

4.3.8   operating his vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

4.3.9   failing to properly record his duty status, in violation of 49 C.F.R. 395.8;

4.3.10  failing to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 396.13;

4.3.11  operating his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

4.3.12  driving a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R391.15;

4.3.13  driving recklessly;

4.3.14  failing to safely operate a commercial vehicle by being unable to control its speed and direction;

4.3.15  failing to look for vehicles behind his vehicle that occupied the lane;

4.3.20  failing to back slowly in a safe manner;

4.3.21  failing to change speed when necessary to avoid a problem;

4.3.22  failing to slow down and preparing to stop;

4.3.23  failing to realize how fast he was approaching a stationary vehicle;

4.3.24  failing to use backing lights;

4.3.25  failing to check his mirrors for vehicles behind him;

4.3.26  failing to flash waring lights;

4.3.27  creating a hazard by stopping suddenly without warning in a lane of travel;

4.3.28  failing to adequately manage the space around his vehicle to have time to safely stop his vehicle;

4.3.29  being distracted by non-driving activities.

4.4    Plaintiff's injuries were proximately caused by Defendant Dawood's negligent, careless and reckless disregard of said legal duties.

4.5    Each of these acts and/or omissions, whether taken singularly or in any combination, constituted negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff have suffered and which Plaintiff will continue to suffer in the future.

4.6    The above-referenced acts and/or omissions by Defendant Dawood constituted gross negligence and/ or malice as those terms are defined in § § 41.001 (7) and 41.001 (11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant Dawood was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Dawood was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

4.7    Defendant Dawood's acts or omissions described above, when viewed objectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

4.8    Defendant Dawood had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.9    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 5. NEGLIGENCE CAUSE OF ACTION AGAINST PURE TRANSPORTATION, LLC

5.1     Additionally, Defendant Pure Transportation, LLC was independently negligent in one or more of the following respects:

    a.     negligent hiring of Defendant Dawood;

    b.     negligent entrustment of the truck tractor to Defendant Dawood;

    c.     negligent driver qualification of Defendant Dawood;

    d.     negligent training and supervision of Defendant Dawood;

    e.     negligent retention of Defendant Dawood;

    f.     negligent contracting of Defendant Dawood; and,

    g.     negligent maintenance of the subject commercial motor vehicle.

5.2     As described herein, Defendant Pure Transportation, LLC was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.3     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and damages and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future.

5.4     The above-referenced acts and/or omissions by Defendant Pure Transportation, LLC constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant Pure Transportation, LLC was heedless and reckless, and its actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant Pure Transportation, LLC was aware of the risk but nevertheless proceeded with conscious indifference

to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.5     The acts and omissions by Defendant Pure Transportation, LLC described above, when viewed from the standpoint of Defendants Defendant Pure Transportation, LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.6     Defendant Pure Transportation, LLC had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.7     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 6. NEGLIGENCE CAUSE OF ACTION AGAINST ZORI TRUCKING, LLC

6.1     Additionally, Defendant Zori Trucking, LLC was independently negligent in one or more of the following respects:

        a.     negligent hiring of Defendant Dawood;

        b.     negligent entrustment of the truck tractor to Defendant Dawood;

        c.     negligent driver qualification of Defendant Dawood;

        d.     negligent training and supervision of Defendant Dawood;

        e.     negligent retention of Defendant Dawood;

        f.     negligent contracting of Defendant Dawood; and,

        g.     negligent maintenance of the subject commercial motor vehicle.

6.2     As described herein, Defendant Zori Trucking, LLC was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

6.3     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and damages and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future.

6.4     The above-referenced acts and/or omissions by Defendant Zori Trucking, LLC constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant Zori Trucking, LLC was heedless and reckless, and its actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant Zori Trucking, LLC was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

6.5     The acts or omissions by Defendant Zori Trucking, LLC described above, when viewed from the standpoint of Defendant Zori Trucking, LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

6.6     Defendant Zori Trucking, LLC had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

6.7     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 7. PERMISSIVE USE THEORY

7.1     Defendant Pure Transportation, LLC gave Defendant Dawood direct permission to use and operate the truck tractor involved in the collision on the streets and public highways of the State of Texas on September 25, 2021, and Defendant Pure Transportation, LLC is liable for the conduct of Defendant Dawood.

7.2     Defendant Zori Trucking, LLC gave Defendant Dawood direct permission to use and operate the truck tractor involved in the collision on the streets and public highways of the State of Texas on September 25, 2021, and Defendant Zori Trucking, LLC is liable for the conduct of Defendant Dawood.

## 8. NEGLIGENT ENTRUSTMENT

8.1     Defendant Pure Transportation, LLC entrusted to Defendant Dawood the vehicle driven by Defendant Dawood which Defendant Dawood collided with the Plaintiff's vehicle.

8.2     In the alternative, Defendant Zori Trucking, LLC, as owner of the subject tractor, entrusted to Defendant Dawood the vehicle driven by Defendant Dawood which Defendant Dawood collided with the Plaintiff's vehicle.

8.3     Defendant Dawood was an incompetent and reckless driver.

8.4     Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC knew or should have known that Defendant Dawood was incompetent and reckless.

8.5     Defendant Dawood was negligent at the time of Plaintiff's injury.

8.6     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

## 9. RESPONDEAT SUPERIOR/AGENCY

9.1     At the time of the collision, Defendant Dawood was an employee, statutory employee, agent, and/or servant of Defendant Pure Transportation, LLC and he was performing

acts within the scope and course of his employment with Defendant Pure Transportation, LLC. Defendant Pure Transportation, LLC is liable for the misconduct and negligence of Defendant Tonee Shamoon-Dawood under the doctrine of *respondeat superior* and agency.

9.2    In the alternative, Defendant Dawood was an employee, statutory employee, agent, and/or servant of Defendant Zori Trucking, LLC and he was performing acts within the scope and course of his employment with Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC. Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC are liable for the misconduct and negligence of Defendant Dawood under the doctrine of *respondeat superior* and agency.

## 10. PRINCIPAL AGENT THEORY

10.1    Defendant Dawood was employed by Defendant Pure Transportation, LLC as its authorized agent, servant and/or employee. As such, Plaintiff hereby sues Defendant Pure Transportation, LLC on the basis of the principal-agent theory. Defendant Pure Transportation, LLC is liable, accountable, and/or responsible for the negligent actions of its employee Defendant Dawood.

## 11. EXEMPLARY DAMAGES

11.1    Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code. The above-referenced acts and/or omissions by Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC or Defendant Dawood also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

11.2 Therefore, for such gross negligence and/or malice on behalf of Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC or Defendant Dawood, Plaintiff request exemplary damages in an amount to be determined by a jury.

## 12. DAMAGES FOR PLAINTIFF

12.1 As a direct and proximate result of the actions of Defendant Pure Transportation, LLC and/or Defendant Zori Trucking, LLC or Defendant Dawood as set forth above, Plaintiff sustained personal injuries which have resulted in losses and damages recoverable by law.

12.2 Plaintiff requests the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine a sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

12.3 From the date of the collision until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

12.4 Reasonable medical care and expenses in the past which were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

12.5 Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

12.6    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

12.7    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

12.8    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

12.9    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff injuries in the future beyond the time of trial;

12.10   Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

12.11   The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

12.12   Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

12.13   The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 13. INTEREST ON DAMAGES

13.1    To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiff pleads that if she is not allowed such pre and post judgment interest, she would not

be fully compensated, and she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the collision and the time of judgment.

## 14. PRE-EXISTING CONDITION

14.1    Alternatively, if it is shown that Plaintiff, prior to the occurrence, had pre-existing medical, physical and/or psychological conditions, then Plaintiff sustained aggravation of such pre-existing medical, physical and/or psychological conditions.  More particularly, if the evidence demonstrates that prior to the occurrence in question Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating.  The occurrence and the conduct of Defendant Pure Transportation, LLC, Defendant Zori Trucking, LLC, and Defendant Dawood has aggravated and accelerated such conditions and/or made Plaintiff more vulnerable or predisposed to subsequent injury and to the effects of subsequent stressors and injuries.  Further, because of Plaintiff's injuries caused by the conduct of Defendant Pure Transportation, LLC, Defendant Zori Trucking, LLC, and Defendant Dawood, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. Plaintiff has also sustained additional mental anguish because of this increased vulnerability, which in reasonable probability Plaintiff will experience for the remainder of Plaintiff's life.

## 15. SUBSEQUENT CONDITION

15.1    Pleading further, if it is shown that Plaintiff suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned collision.

## 16. JURY DEMAND

16.1    Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff WENDY J. GUTIERREZ ALANIZ prays that the Defendants PURE TRANSPORTATION, LLC, ZORI TRUCKING, LLC, and Tonee Shamoon-Dawood be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered in favor of the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Roderick C. Lopez, P.C.
6557 Metro Court, Ste. 1
Laredo, Texas 78041
Tel. (956) 568-5028
Fax. (956) 728-0883
Email:   filings@lawredo.com

By: /s/ Roderick C. Lopez
Roderick C. Lopez
Federal Bar No. 33626
Texas Bar No. 24034544

*Attorney for Plaintiff Wendy J. Gutierrez Alaniz*